IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER HEALTHCARE LLC and BAYER HEALTHCARE PHARMACEUTICALS INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 16-1221 (LPS) ) CONSOLIDATED |
| TEVA PHARMACEUTICALS USA, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |
| BAYER HEALTHCARE LLC and BAYER HEALTHCARE PHARMACEUTICALS INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 18-1465 (LPS) ) |
| APOTEX INC. and APOTEX CORP., | ) ) ) |
| Defendants. | ) |

**[PROPOSED] AMENDED SCHEDULING AND CONSOLIDATION ORDER**

This ___ day of _____ 2018, the Court having conducted a Case Management Conference/Rule 16 scheduling and planning conference pursuant to Local Rule 16.1 and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.del.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) on _____; and the parties having determined after discussion that these matters cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      Case No. 16-cv-1221-LPS (consolidated) and Case No. 18-cv-1465-LPS are hereby consolidated for all purposes, including for trial, pursuant to Fed. R. Civ. P. 42(a).  All filings shall be made only in Case No. 16-cv-1221-LPS (consolidated).

2.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  The parties have made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) as to the U.S. Patent No. 8,637,553 (the '553 patent) and U.S. Patent No. 9,458,107 ("the '107 patent). Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) as to U.S. Patent No. 9,957,232 ("the '232 patent") within ten (10) business days of the date of this Order.

3.      Joinder of Other Parties and Amendment of Pleadings.  The deadline for motions to join other parties or amend or supplement the pleadings with respect to the '553 and '107 patents has already passed.  As to the '232 patent, all motions to join other parties, and to amend or supplement the pleadings, as well as any similar motions, shall be filed on or before **January 11, 2019**.

4.      Application to Court for Protective Order.  On December 20, 2017, the Court entered the parties' Stipulated Protective Order in Case No. 16-cv-1221 (D.I. 32).  That Order shall govern the consolidated actions, including Case No. 18-cv-1465-LPS.

5.      Papers Filed Under Seal.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing

or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

6.      Courtesy Copies. Other than with respect to "discovery matters," which are governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 16, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.      ADR Process. This matter is has already been referred to Magistrate Judge Burke to explore the possibility of alternative dispute resolution. *See* C.A. 16-cv-1221-LPS, D.I. 22 (Order Setting Mediation Conference).

8.      Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.      Discovery Cut Off. The parties dispute whether the deadline for fact discovery for the '553 and '107 patents has elapsed; to the extent there is an issue that requires Court attention, the parties will raise it with the Court. All fact discovery in this case relating to the '232 patent shall be completed by April 15, 2019.

    b.  <u>Document and Sample Production</u>.  Production of documents and samples relating to the '232 patent shall be completed on a rolling basis and in time to complete fact discovery by April 15, 2019.

    c.  <u>Requests for Admission</u>.  A maximum of **ten (10)** requests for admission relating to the '232 patent are permitted for each side.

    d.  <u>Interrogatories</u>.

     i.  A maximum of **ten (10)** interrogatories, including contention interrogatories, relating to the '232 patent are permitted for each side.

     ii.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers will be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.  <u>Depositions</u>.

     i.  <u>Limitation on Deposition Discovery</u>.  As to the '232 patent, each side shall be entitled to no more than four (4) depositions of fact witnesses pursuant to Rule 30(b)(1), and one (1) deposition notice pursuant to Rule 30(b)(6).  If a deponent testifies wholly or substantially through an interpreter, the party taking the deposition

shall be permitted, on a pro rata basis, 1.5 hours of deposition time for each hour spent testifying through the interpreter.

    ii.    <u>Location of Depositions</u>.  The parties shall meet and confer regarding the locations of depositions, taking into account convenience for the deponent.

f.    <u>Disclosure of Expert Testimony.</u>

    i.    <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter (for Plaintiffs, infringement, and for Defendants, any invalidity defense(s)), the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **May 15, 2019**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **July 24, 2019**.  Reply expert reports limited to Defendants' responses on objective indicia of nonobviousness are due on or before **August 21, 2019**.  For clarity, in the event that Defendants raise a defense based on obviousness or obviousness-type double patenting, Defendants need not address evidence of secondary considerations in its opening round of expert reports; rather, secondary considerations shall be addressed by Plaintiffs in the second round of expert reports, and Defendants shall respond to such evidence in the reply round of expert reports.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the

expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. All expert depositions shall be completed by **September 27, 2019**. There will not be expert declarations filed in connection with motions briefing (including case-dispositive motions).

iii. <u>Objections to Expert Testimony</u>. The parties agree that no *Daubert* motions shall be filed.

g. <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii. Should counsel find, after good faith efforts - including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute - that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

_____

Delaware Counsel: _____

Lead Counsel: _____

      The disputes requiring judicial attention are listed below:
[provide here a non-argumentative list of disputes requiring judicial attention]

iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.    <u>Motions to Amend</u>.

a.    Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not

to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

     b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

     c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

     10.     <u>Motions to Strike</u>.

     a.     Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

     b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

     c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

     11.     <u>Tutorial Describing the Technology and Matters in Issue</u>.  The parties agree that, given the provisions of paragraph 12, no technology tutorial need be provided in this case

     12.     <u>Claim Construction Issue Identification</u>.  The claim construction process for the '553 and '107 patents has already concluded.  As for the '232 patent, the parties agree that any

claim construction issues, if any, can be resolved in the context of the evidence at trial and do not require separate briefing or a *Markman* hearing.

13.      <u>Supplementation</u>.  The supplementation deadline set forth in paragraph 15 of the Scheduling Order in Case No. 16-cv-1221 (D.I. 20) for the '553 and '107 patents has already passed.  As for the '232 patent, absent agreement among the parties, and approval of the Court, Plaintiffs must finally supplement the identification of all accused products and identification of asserted claims of the '232 patent no later than **March 1, 2019**, and Defendants must finally supplement all invalidity references no later than **March 8, 2019**.

14.      <u>Case Dispositive Motions</u>.  There will be no dispositive motions without leave of Court.

15.      <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7 .1.1.

16.      <u>Pretrial Conference</u>.  On ~~October~~ Nov. 8 , **2019**, the Court will hold a pretrial conference in Court with counsel beginning at ~~9 a.m.~~ 3 pm. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order - Patent, which can be found on the Court's website (www.ded.uscourts.gov), **five business days before the pretrial conference**.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l)-(3) for the preparation of the joint proposed final pretrial order.

9

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order - Patent, the parties shall include in their joint proposed final pretrial order, among other things:

        a.      <u>a request for a specific number of *hours* for their trial presentations,</u> as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;

        b.      <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony,</u> including objections based on lack of completeness and/or lack of inconsistency;

        c.      <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

        d.      <u>their position as to how to make motions for judgment as a matter of law,</u> whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions may be supplemented in writing.

        17.    <u>Motions *in Limine*.</u>  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be

supported by a maximum of three (3) pages of argument and may be opposed by a maximum of

three (3) pages of argument, and the side making the *in limine* request may add a maximum of

one (1) additional page in reply in support of its request.  If more than one party is supporting or

opposing an *in limine* request, such support or opposition shall be combined in a single three (3)

page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered

by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise

permitted by the Court.

     18.   Trial. This matter is scheduled for a 5-day bench trial beginning at 8:30 a.m. on

**November 18, 2019 [or shortly thereafter]**, with the subsequent trial days also beginning at

8:30 a.m. The trial day will end no later than 5:00 p.m. each day.

     19.   *Post-Trial Briefing.* The parties will address the post-trial briefing schedule and

page limits in the proposed final pretrial order.

     The parties reserve the right to revisit the deadlines and limitations set forth herein,

subject to the Court's approval, in the event this case is consolidated with any other matters

involving different defendants.

 

                             _____

                            UNITED STATES DISTRICT JUDGE